UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ADRIENNE WRIGHT, *et al.,*          )
                                    )
                  Plaintiffs,       )
         v.                         )
                                    )   Civil Action No. 11-0384 (AK)
DISTRICT OF COLUMBIA,               )
                                    )
                  Defendant.        )
_____ )

### MEMORANDUM OPINION

This matter is pending before the Court on Plaintiffs Adrienne Wright, et al., ("Plaintiffs") Motion for Summary Judgment and Memorandum in Support thereof ("Pls.' Mot.") [16]; Defendant District of Columbia's Opposition to the Motion for Summary Judgment ("Def.'s Opp.") [17]; and Plaintiffs' Reply to the Opposition ("Reply") [14]. Plaintiffs have requested from the District of Columbia ("the District" or "Defendant") a total of $62,563.18 in legal fees and costs, of which the District has paid $43,207.33. The instant Motion requests the additional $19,355.85 as well as prejudgment interest. The parties have consented to proceed before a Magistrate Judge [10]. Based on the reasons set forth below, Plaintiffs' Motion will be granted-in-part and denied-in-part.

### I. BACKGROUND

Adrienne Wright ("Wright") is the parent of a minor child who prevailed in an administrative action brought pursuant to the Individuals with Disabilities Education Act and the Individuals with Disabilities in Education Improvement Act (collectively "IDEA"), 20 U.S.C. § 1400 *et seq.* Pursuant to 20 U.S.C. §1415(i)(3)(B), a court may award attorney fees to a parent

who prevails in an IDEA proceeding.  Wright participated in a February 5, 2010 due process hearing at which the hearing officer considered whether the District of Columbia Public Schools ("DCPS") denied the minor child a Free Appropriate Public Education ("FAPE") as required under the law.

The Hearing Officer's Decision ("HOD") concluded that DCPS did not provide the minor child a FAPE by failing to provide the child with an appropriate Individual Education Plan ("IEP"), failing to conduct the proper evaluations and failing to provide the student with a placement to meet his educational needs.  (HOD [16-5] at 7-9.)  The HOD ordered DCPS to place the child in a private full-time special education school for the remainder of that school year, to fund independent evaluations of the child and to conduct four meetings to revise the child's IEP and review the results of the evaluations.  (*Id.* at 10.)  The District does not dispute Plaintiffs' prevailing party status in this case.

Elizabeth Jester ("Jester") represented Plaintiffs at the administrative hearing and at subsequent meetings.  Jester documents 138.3 hours of attorney time, 18 hours of which were billed at $400 per hour and 120.3 of which were billed at $450 per hour.  Jester documents 3.2 hours of paralegal time at $125 per hour.  For costs, Jester documents 2,587 pages in copies and 168 pages of faxes at $0.25 per page.  Jester asks for 210 miles of mileage at two different rates of $0.585 and $0.558 per mile.  Finally, Jester includes postage charges.

Plaintiffs submitted four separate invoices to the District for attorney fees and costs, each of which was paid in part.  On February 19, 2009, Plaintiffs requested $37,693.07, of which the District paid $25,417.88.  On July 22, 2010, Plaintiffs requested $12,776.41, of which the District paid $9,314.61.  On October 25, 2010, Plaintiffs requested $7,413.29, of which the

District paid $4,509.30.  On December 27, 2010, Plaintiffs requested $4,680.41 of which the District paid $3,965.54.  (Pls.' Mot., Exs. 2-14 [16-6 through 16-18].)

## II. LEGAL STANDARD

The IDEA gives courts authority to award reasonable attorney fees to the parents of a child with a disability who is the prevailing party.  20 U.S.C. §1415(i)(3)(B); *Moore v. District of Columbia*, 907 F.2d 165, 176 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 998 (1990).  The plaintiff has the burden of establishing the reasonableness of any fee requests.  *See In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995); *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) ("a fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates.")  Fee awards are generally calculated by producing the "lodestar" amount, equal to the number of hours reasonably expended in the litigation multiplied by a reasonable hourly fee.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

20 U.S.C. § 1415(i)(3)(C) states that fee awards in IDEA cases "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  The determination of a market rate is "inherently difficult" and is decided by the court in its discretion.  *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S.Ct. 1541, 1547, n.11 (1986).  To demonstrate a reasonable hourly rate, plaintiffs "must offer evidence to demonstrate their attorneys' experience, skill, reputation, and the complexity of the case they handled." *Covington*, 57 F.3d at 1108.

A party moving for summary judgment on legal fees accordingly must demonstrate prevailing party status and the reasonableness of the fees requested in terms of hours spent and

hourly rate. *Rooths v. District of Columbia*, No. 09-cv-0492, 2011 WL 3529292, at *3 (D.D.C. Aug. 9, 2011). Under Fed. R. Civ. P. 56(a), summary judgment shall be granted if the movant shows that there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The court is required to draw all justifiable inferences in the non-moving party's favor and to accept the non-moving party's evidence as true. *Anderson*, 477 U.S. at 255. The non-moving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. The non-moving party may not rely on allegations or conclusory statements; instead, the non-moving party is obliged to present specific facts that would enable a reasonable jury to find it its favor. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

### III. ANALYSIS

**A. Reasonable Hourly Rate**

Plaintiffs contend that Jester should be compensated at the rates of $400 per hour for work performed in 2009, and $450 per hour for work performed in 2010. (Pls.' Mot. at 4.) Plaintiffs argue in support of the *Laffey* Matrix and assert that Jester's rates are reasonable because they fall below the *Laffey* rates. (*Id.* at 5.) *Laffey* rates would provide Jester, an attorney with over 20 years of experience, with $465 per hour for the period before June 30, 2010 and

$475 per hour beginning on July 1, 2010.[1]  Defendant advocates against use of the *Laffey* Matrix and instead asks for rates of $300 per hour prior to December 9, 2010 and $400 per hour thereafter.[2]  (Def.'s Opp. at 7.)

The *Laffey* matrix was created to follow rates charged by litigators who practice complex federal litigation in the District of Columbia and are presumptive maximum rates for such litigation.  *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354, 374 (D.D.C. 1983) *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984)("the relevant legal market in this action is complex employment discrimination litigation"); *Rooths v. District of Columbia*, No. 09-cv-0492, 2011 WL 3529292, at *4 (D.D.C. Aug. 9, 2011).  The United States Attorney's Office for the District of Columbia updates the matrix annually to reflect increases in the local Consumer Price Index.  *Id.* at *4.

Plaintiffs have offered evidence sufficient to establish Jester's experience, skill and reputation in IDEA matters.  (Pls.' Mot., Ex 2 [16-3]); *Covington v. District of Columbia*, 57 F.3d 1101, 1108 (D.C. Cir. 1995).  However, the Court disagrees with Plaintiffs' argument that the litigation was sufficiently complex to support rates of $400 and $450 an hour, amounts just below the *Laffey* rates.  In *McClam v. District of Columbia*, Jester represented the Plaintiffs in an IDEA hearing and requested $400-$450 per hour from DCPS.  No. 11-cv-0381, 2011 WL 3891809 (D.D.C. Sept. 6, 2011).  Judge Collyer noted that the hearing took three days, involved

---

[1] *See* U.S. Attorney's Office - District of Columbia, *Laffey Matrix – 2003-2012*, http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf.

[2] All of Jester's hours in this case were billed prior to December 9, 2010, so the District's distinction between hours billed before December 9, 2010 and after that date is irrelevant in this case.

a total of 56 exhibits and 20 listed witnesses and required written closing arguments. *Id.* at *4. She stated that despite the work involved, "IDEA cases are generally not complex" and *McClam* involved "no novel issue or other complexity that turned this particular IDEA case into complex litigation." *Id.* As such, she held that the District's proposed rates – $300 per hour through December 9, 2010 and $400 thereafter – were reasonable. *Id.* Similarly, in *Rooths*, the IDEA hearing was two hours long and Judge Friedman noted that:

> This litigation does not much resemble the sort of complicated cases in which a plaintiff's counsel is appropriately awarded fees at the maximum allowable rate. Like most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law.

2011 WL 3529292, at *6. Judge Friedman awarded the plaintiff a rate equal to three-quarters of the *Laffey* rate. *Id.*

The litigation in the instant case involved a one-day hearing with 38 exhibits, 16 potential witnesses and written closing statements. (Pls.' Reply at 2.) Like *McClam* and *Rooths*, no evidence exists that the hearing presented a novel legal issue or was significantly more complex than most IDEA hearings. Plaintiffs admit that this case was "representative of most of the cases litigated by [Jester] pursuant to [IDEA]." (Id. at 3.) It is not disputed that Jester's knowledge of IDEA law, her work with experts and her understanding of the procedural aspects of the hearing helped her obtain a favorable decision for her client. (Id. at 2-3).[3] This was a routine

---

[3]Approximately 60 of Jester's 138.3 hours were spent after the HOD was published – work that was less complicated than preparing for and arguing the hearing. Jester incurred these hours preparing for and attending IEP meetings for the child outlined in the HOD and consulting with DCPS representatives and her client regarding evaluations of the child required by the HOD.

administrative hearing similar to those in *McClam* and *Rooths* in which *Laffey* rates were deemed unreasonable.

Having determined that the maximum rates for complex federal litigation are not appropriate, the Court is faced with determining the appropriate rates for this "representative" IDEA litigation. Plaintiffs' proposed rates call for $450 per hour with a few of the hours at $400 per hour – rates not significantly different from the rates in the *Laffey* Matrix. The District proposes rates of $300 per hour in this case, as set out in the DCPS Attorney Fees Guidelines. The District provides no rationale for how the rates in their Guidelines were determined.

The Court follows Judge Friedman's rates in *Rooths*, which awarded rates equal to three-quarters of the *Laffey* rate. Judge Friedman found that three-quarters of the *Laffey* rate was reasonable given the complexity of the lawsuit. As Jester has 20 years or more of experience, this Court finds that $348.75 per hour for hours worked through June 30, 2010 and $356.25 per hour thereafter, are reasonable rates for Jester's legal services in this case.

Jester hired Mary Williams ("Williams"), a paralegal, to prepare the petitions for attorney fees and costs, an arithmetic bookkeeping compilation of hours and costs. The *Laffey* rates for paralegals relevant to this case are $130 per hour until June 30, 2010 and $135 per hour thereafter. The Court will award an hourly rate equal to three-quarters of the *Laffey* rate for Williams – $93.75 per hour through June 30, 2010 and $101.25 per hour thereafter.

Finally, *Laffey* holds that time spent by attorneys on non-legal work, including filing information and computing statistics, should be compensated at the hourly rate for paralegals. 572 F. Supp. 354 at 366. In addition to Williams' time preparing the petitions for attorney fees and costs, Jester documents 1.7 hours spent reviewing the petitions. Time spent reviewing the

petitions qualifies as non-legal work for which the Court finds $150.00 per hour to be a reasonable rate.

### B. Reasonable Hours

The District has already paid Plaintiffs for the majority of Jester's hours at the rates set out in the DCPS Attorney Fees Guidelines; therefore, the Court will deem those hours as reasonable. (*See* Pls.' Mot., Ex. 11 [16-15].) The District does challenge a number of time entries. First, the District argues that Plaintiffs should not be reimbursed for the time Williams spent preparing petitions for attorney fees and time Jester spent reviewing the petitions. (Def.'s Opp., Ex. 1 [17-4] at 3-4.) The District argues that these tasks are "clerical" in nature. Indeed, Jester hired Williams, a paralegal, to do the clerical task of preparing the petition. In addition, the District includes as an exhibit a memorandum from Abbey G. Hairston, DCPS' General Counsel, to Members of the Special Education Bar. (Def.'s Opp., Ex. 3 [17-6].) Section 6 states that non-professional services may be billed at a paralegal rate, and includes "Assembly/preparation of bill" as an example of a non-professional service. Jester followed the guidance from the letter by hiring Williams. Plaintiffs are entitled to a reasonable hourly rate for time spent creating and reviewing the petition for attorney fees.

Second, the District argues that one time entry is duplicative and two time entries are vague and lack specificity. (Def.'s Opp., Ex. 1 at 3.) On August 2, 2010, Jester makes a duplicative time entry because two entries have exactly the same description – "Review and respond to correspondence from A. Brown, DCPS re: IEP meeting per HOD" – and both entries are for 0.20 hours. (Pls.' Mot. Ex. 6 [16-10] at 6.) However, the two allegedly vague entries are

sufficiently specific; both involve Jester's communications with Wright and list the subject matter of the conversation. (*Id.*) Jester's hours will be reduced by 0.20 hours.

### C. Costs of Copying, Faxing and Mileage

Plaintiffs requested $0.25 per page for copying and faxing, and $0.558 or $0.585 per mile in mileage traveling to and from the hearing and various other meetings. The District reimbursed Plaintiffs $0.15 per page for copying, but made no award for faxing or for mileage. Costs for copying, faxing and postage are customarily included in fee awards in IDEA litigation. *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 28 n.7 (D.D.C. 2004). In the absence of any proof that Plaintiffs incurred costs of $0.25 per page for copying, and noting that the number of pages copied for the administrative hearing was in excess of 2,500, the Court finds that $0.15 per page would be a more reasonable rate. *See McClam*, 2011 WL 3891809 at *5. Fax costs are similar. Plaintiffs are awarded copying and fax costs at the rate of $0.15 per page and mileage at the rate of $0.558 per mile.

### D. Prejudgment Interest

Plaintiffs request prejudgment interest on the attorney fee award. They rely on D.C. Code § 15-108, which allows prejudgment interest in an action "to recover a liquidated debt on which interest is payable by contract or by law or by usage." Prejudgment interest is within the discretion of the court and equitable considerations should be taken into account. *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 28 (D.D.C. 2004). This action is not one to recover a liquidated debt; rather, this is a motion for summary judgment to establish whether the District is liable for the remainder of the requested attorney fees. (*See* Pls.' Mot. at 1-2.); *McClam*, WL 3891089 at *6. In addition, the District paid the majority of the requested amount and contested

the remainder in good faith. Therefore, equitable considerations weigh against an award of prejudgment interest. Plaintiffs will not be awarded prejudgment interest.

### E. Conclusion

For the reasons stated above, Plaintiff's motion for summary judgment will be granted-in-part and denied-in-part. The District previously paid Plaintiffs $43,207.33 for work done in conjunction with this hearing and that amount will be offset from the Court's award to Plaintiffs. Plaintiffs will be awarded as follows:

Jester: $48,716.25 (17.5 hours at $348.75 per hour, 118.9 hours at $356.25 per hour and 1.7 hours at $150.00 per hour).

Williams: $316.50 (1.0 hour at $93.75 per hour and 2.2 hours at $101.25 per hour).

Copying and faxing: $413.25 (2,755 pages at $0.15 per page).

Mileage: $117.18 (210 miles at $0.558 per mile).

Postage: $10.30

Total award: $49,573.48

Total due to Plaintiffs: $6,366.15

An Order shall accompany this Opinion.

Date:  January 11, 2012                                    _____/s/_____

                                                          ALAN KAY
                                                          UNITED STATES MAGISTRATE JUDGE