**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
ADRIENNE WRIGHT, *et al.,*                )
                                          )
                    Plaintiffs,           )
        v.                                )
                                          )        Civil Action No. 11-0384 (AK)
DISTRICT OF COLUMBIA,                     )
                                          )
                    Defendant.            )
_____)

**<u>MEMORANDUM OPINION</u>**

On January 11, 2012, the undersigned granted-in-part and denied-in-part Plaintiffs'

Adrienne Wright, *et al.* ("Plaintiffs") Motion for Summary Judgment [16] in which Plaintiffs

requested attorney fees and costs for work in an administrative action under the Individuals with

Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*  (Order, Jan. 11, 2012 [20].)

Pending before the undersigned is Plaintiffs' Motion for Attorneys Fees and Costs [21].

Defendant District of Columbia ("Defendant" or "the District") opposes Plaintiffs' Motion for

Attorneys Fees and Costs [22].  For the reasons set forth below, Plaintiffs' Motion will be

granted-in-part and denied-in-part.

**<u>I. BACKGROUND</u>**

Adrienne Wright is the parent of a minor child who prevailed in an administrative action

brought against the District of Columbia Public Schools ("DCPS") pursuant to the IDEA.  (*See*

Hearing Officer's Decision [16-5].)  For work in the administrative action, Plaintiffs submitted to

DCPS four invoices for attorneys fees and costs totaling $62,563.18.  DCPS paid Plaintiffs $43,207.33 of the requested amount, and Plaintiffs filed suit in this Court for the remaining $19,355.85, plus prejudgment interest.  In the January 11, 2012 Order, the undersigned awarded Plaintiffs $6,366.15 and denied their request for prejudgment interest.

In the current proceeding, Plaintiffs seek attorneys fees and costs incurred in adjudicating the fee dispute in this Court.  This is often known as requesting "fees on fees."  *See Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.D.C. 2006).  Plaintiffs cite 42.7 hours for Elizabeth Jester ("Jester"), Plaintiffs' attorney, and 0.7 hours for Mary Williams ("Williams"), Jester's paralegal.  (*See* Pls.' Mot. for Attorney Fees, Ex. 1 [21-4].)  Jester's normal hourly rate is $450.00 per hour and Williams' normal hourly rate at $125.00.  (*See id.*)  Thus far, Defendant has not paid any invoices for fees on fees. Plaintiffs request $18,897.50 in attorney fees and $503.33 in costs for a total of $19,400.83.  (*Id.*)

## II.  ANALYSIS

### A.  Plaintiffs are entitled to fees on fees

The IDEA allows attorney fees to be collected when the plaintiff is the "prevailing party" 20 U.S.C. § 1415(i)(3)(B).  Here, the parties disagree about whether Plaintiffs were the prevailing party when the undersigned awarded Plaintiffs attorneys fees and costs for work in the underlying administrative action.  (Pls.' Mot. at 2; Def.'s Opp. at 3.)  This is a false argument. The question for determining prevailing party status for fees-on-fees is whether Plaintiffs prevailed at the administrative level, and this Court has already found that they did.  *See Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.D.C. 2006) ("[p]arties who prevail at the

administrative level can also recover fees-on-fees, as our general rule is that the court may award

additional fees for 'time reasonably devoted to obtaining attorneys fees'") (citing *Envtl. Def.*

*Fund v. EPA*, 672 F.2d 42, 62 (D.C. Cir. 1982).   Accordingly, Plaintiffs are entitled to recover

fees-on-fees.

### B.  Number of Hours

Plaintiffs note that Defendant does not challenge specific time entries in Defendant's

Opposition, (Pls.' Reply [23] at 1, n. 1); however, Defendant also has not paid Plaintiffs for the

time logged, and therefore has not conceded that Plaintiffs' time entries are reasonable.   The

undersigned finds that a number of time entries are not reasonable and do not need to be

reimbursed.

First, on May 24, 2012, Tasha Hardy ("Hardy") entered her appearance in the case for the

District.   Plaintiffs seek 0.20 hours for "[r]eview Entry of Apperance [sic] from T. Hardy, Esq.,

AAG."   Plaintiffs' time entry from May 20, 2012 indicates that Jester spoke to Hardy on the

phone on that date, so Jester already had knowledge that Hardy was the new lawyer for the

District and did not need to review Hardy's Entry of Appearance.   The time entry on May 24,

2012 is not reimbursable.

Second, Plaintiffs' final five time entries relate to the request for fees-on-fees.   On March

4, 2012, April 4, 2012 and April 25, 2012, Plaintiffs' entries involve correspondence from Jester

to Hardy about the possibility of settling the claim for fees-on-fees.   (*See* Pls.' Reply, Exs. 1-3.)

On May 25 and 26, Plaintiffs' entries involve drafting and finalizing the pending Motion for

Attorneys Fees and Costs.   Receiving fees for the drafting of the pending Motion amounts to

"fees-on-fees-on-fees."   Plaintiffs are entitled to fees incurred during the adjudication of the due

process complaint and for fees incurred in obtaining the reimbursement of those fees.  However, receiving "fees on fees on fees" is too attenuated from the adjudication of the due process complaint to be reimbursable.  Plaintiffs' time entries are reduced by 3.9 hours.

Noting the preceding deductions, Plaintiffs are entitled to 38.6 hours for Jester and 0.7 hours for Williams.

### C.  Hourly Rate

In the January 11, 2012 Order, the Court found that Plaintiffs were entitled to an hourly rate of three-quarters of the *Laffey* Matrix for work related to the administrative due process complaint.  (Order, Jan. 11, 2012 at 7.)  For a lawyer with over 20 years of experience, like Jester, the awarded hourly rates were $348.75 and $356.25 per hour.  (*Id.* at 8.)[1]  This rate reflected Jester's knowledge of IDEA law and administrative proceedings and the level of complexity of the underlying lawsuit.  (*Id.* at 6.)

A "reasonable" hourly rate shall be based on rates prevailing in the community and the burden is on Plaintiffs to show the reasonableness of any rate.  20 U.S.C. § 1415(i)(3)(c); *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).  Plaintiffs request hourly rates according to the *Laffey* Matrix, which was created to follow rates charged by litigators who practice complex federal litigation in the District of Columbia and are presumptive maximum rates for such litigation.  *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354, 374 (D.D.C. 1983) *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984) ("the relevant legal market in this action is complex employment discrimination litigation").  Where

---

[1] *See* U.S. Attorney's Office - District of Columbia, *Laffey Matrix – 2003-2012*, http://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf.

the federal litigation is not particularly complex, the plaintiff is not entitled to the full *Laffey*

rates. *See Rooths v. District of Columbia*, No. 09-cv-0492, 2011 WL 3529292, at *6 (D.D.C.

Aug. 9, 2011).

In determining the rate for "fees-on-fees," the undersigned has previously held that "fee

litigation is not complex federal litigation and does not necessarily entail specialized expertise

and experience." *Smith v. District of Columbia*, No. 02-cv-373, 2005 WL 914773 at *3 (D.D.C.

Apr. 18, 2005) (awarding Plaintiff's counsel an hourly rate of $250 for fees-on-fees litigation).

In contrast, the undersigned's January 11, 2012 Order noted that administrative proceedings

under IDEA do require specialized expertise and experience. (*See* Pls.' Mot. for Attorney Fees,

Ex. 1.)  Following these two prior decisions, the hourly rate for fee litigation should be less than

the rate for work in the underlying administrative proceeding.  Furthermore, Plaintiffs have not

demonstrated the complexity of the fee litigation.  Accordingly, the undersigned holds that

Plaintiffs are entitled to half of the applicable rate under the *Laffey* Matrix, or $237.50 per hour

for work prior to June 1, 2011 and $247.50 for work on or after June 1, 2011.[2]

Williams, Jester's paralegal, is entitled to an hourly rate of $140.00 per hour under the

*Laffey* Matrix.  Williams prepared the attorney fee invoice for the Motion for Attorney Fees.  In

the January 11, 2012 Order, the undersigned awarded Williams three-quarters of the *Laffey* rate.

---

[2]On April 19, 2011, Judge Huvelle held a status conference that the parties attended in person. (Minute Entry, April 19, 2011.)  On that date, Plaintiffs seek 1.80 hours under "[t]ravel to court hearing" at the rate of $250.00 per hour. (Pls.' Mot. for Attorney Fees, Ex. 1 at 2.) Travel time is generally compensated at half of the normal hourly rate. *Bucher v. District of Columbia*, 777 F. Supp. 2d 69, 77 (D.D.C. 2011); *but see Thomas ex rel. A.T. v. District of Columbia*, No. 03-cv-1791, 2007 WL 891367 at *13 (D.D.C. Mar. 22, 2007) (reducing attorney's hourly rate from $360.00 per hour to $160.00 per hour for travel time).  Because the undersigned finds that the relevant hourly rate for Jester would be $237.50 per hour, Jester's travel time will be reimbursed at $118.75 per hour.

Because Williams' work in this case is the same type of work done previously, the Court will award Williams three-quarter of the *Laffey* rate here, or $105.00 per hour.

### D.  Calculation

After making the above modifications, Jester logged 24.9 hours prior to June 1, 2011 for which half of the relevant hourly rate under the *Laffey* Matrix is $237.50 per hour.  Jester logged 11.9 hours on or after June 1, 2011, for which half of the relevant hourly rate under the *Laffey* Matrix is $247.50 per hour.  Williams logged 0.7 hours after June 1, 2011 for which three-quarters of the relevant hourly rate under the *Laffey* Matrix is $105.00 per hour.  Finally, Jester logged 1.8 hours of travel time at half of the hourly rate otherwise awarded, equaling $118.75 per hour.  The total amount Plaintiffs are entitled to for attorneys' fees is $9,146.25.

### E.  Costs

Plaintiffs log $350.00 as reimbursement for the "Complaint Filing Fee."  (Compl.; Pl.'s Mot. for Attorney Fees, Ex. 4 at 3.)  Plaintiffs also request reimbursement of $100.00 in total for Service of Process Fees on the Mayor and the Attorney General.  (Pls.' Supplemental Motion [24].)  Plaintiff will be granted those fees.  *See* LCvR 54.1(d) (costs of service of summons and complaint are costs taxable by the clerk)  *Lillbask ex rel. Mauclaire v. Connecticut Dept. of Educ.*, No. 3:97-cv-1202, 2006 WL 752872 (D. Conn. Mar. 17, 2006) (granting costs for filing fee and service of process).

Plaintiffs are also granted fax and copying costs at $0.15 per page and mileage at $0.558 per mile.  Based on Jester's time sheets, these costs total $48.89.  Finally, Plaintiffs request $4.00 for Jester's parking meter during the hearing before the undersigned and $0.44 in postage.

Plaintiffs are granted parking fees of $4.00 and $0.44 in postage.  Accordingly, Plaintiffs are entitled to $503.33 in costs.

### III.  CONCLUSION

For the above reasons, Plaintiffs' Motion for Attorneys Fees and Costs will be granted-in-part and denied-in-part.  Plaintiffs will be awarded $9,649.58.

DATE: August 10, 2012                                    _____/s/_____

                                                         ALAN KAY
                                                         UNITED STATES MAGISTRATE JUDGE